IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNIS WRIGHT,**<br>　　　　　Petitioner, | **CIVIL ACTION** |
| v. | |
| **BARRY SMITH,**<br>**THE DISTRICT ATTORNEY OF THE**<br>**COUNTY OF PHILADELPHIA, PA, and**<br>**THE ATTORNEY GENERAL OF THE**<br>**STATE OF PENNSYLVANIA,**<br>　　　　　Respondents. | **NO. 18-5324** |

DuBois, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　March 30, 2020

**M E M O R A N D U M**

**I.　　INTRODUCTION[1]**

*Pro se* petitioner, Dennis Wright, was sentenced to life imprisonment on October 22, 2003, after he was found guilty by a jury of first-degree murder, robbery, possession of an instrument of crime, and criminal conspiracy. R. & R. 1.[2]

*Pro se* petitioner filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Document No. 1) on December 3, 2018,[3] asserting a claim of ineffective assistance of counsel and challenging the state court's jurisdiction and jury instructions. In opposition, the District Attorney argued that the petition should be dismissed as untimely (Document No. 8, filed June 24, 2019). The case was referred to United States Magistrate Judge Elizabeth T. Hey for a Report and Recommendation on December 17, 2018

---

[1] The facts and procedural history of this case are set forth in detail in Judge Hey's Report and Recommendation dated July 29, 2019, which this Court approves and adopts with this Memorandum and Order. In this Memorandum, the Court recites only those facts necessary to explain its rulings on *pro se* petitioner's objections.

[2] On January 6, 2004, *pro se* petitioner was also sentenced to 10–20 years incarceration for each of his convictions of robbery, attempted murder, and criminal conspiracy, and 2 ½ –5 years incarceration for possession of an instrument of crime. R. & R. 2. Each term was to run consecutively to his life sentence. *Id.*

[3] The petition was officially docketed on December 10, 2018, but under the "prison mailbox rule," the Court considers the petition filed on the date *pro se* petitioner gave the petition to prison authorities for mailing. *See Burns v. Morton*, 134 F.3d 109, 112–13 (3d Cir. 1998) (citing *Houston v. Lack*, 487 U.S. 266, 271 (1988)).

(Document No. 3). In the Report and Recommendation dated July 29, 2019, Judge Hey recommended dismissal of the petition as untimely (Document No. 9). On August 29, 2019, *pro se* petitioner filed objections to the Report and Recommendation and a motion for leave to amend his petition (Document No. 13). This Court overrules *pro se* petitioner's objections, denies his motion to amend, and approves and adopts Judge Hey's Report and Recommendation. The Court writes at this time only to explain its rulings on *pro se* petitioner's objections and motion for leave to amend.

## II. LEGAL STANDARD

Where a court refers a habeas petition to a magistrate judge, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made . . . [and] the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for habeas corpus may only be granted if the state court's adjudication of the claim resulted in a decision that was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

## III. DISCUSSION

In the Report and Recommendation, Judge Hey determined that *pro se* petitioner's habeas petition was untimely because it was filed on December 3, 2018, nearly seven years after the statute of limitations expired in February 2012. R. & R. 1, 10. *Pro se* petitioner objects to

Judge Hey's conclusions regarding the timeliness of his habeas petition and requests leave to amend the petition to include newly discovered precedent and intervening changes in law and a claim of actual innocence.

**A. Timeliness of the Habeas Petition**

AEDPA codified a one-year statute of limitations for actions brought under § 2254. *See* 28 U.S.C. § 2244(d)(1). This limitations period is subject to, *inter alia*, a statutory tolling mechanism, *see* 28 U.S.C. § 2244(d)(2), and in rare cases, equitable tolling principles, *see Holland v. Florida*, 560 U.S. 631, 645–46 (2010).

    1. *Judge Hey's Report and Recommendation*

Under AEDPA, the one-year limitations period generally runs from the date that petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judge Hey concluded that *pro se* petitioner's conviction became final on December 28, 2006, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. R. & R. 5 (citing *Clay v. United States*, 537 U.S. 522, 525, 532 (2003)). Based on this start date, and without any tolling of the limitations period, *pro se* petitioner would be barred from filing a habeas petition after December 28, 2007.

Pursuant to § 2244(d)(2), Judge Hey concluded that the one-year limitations period was statutorily tolled while *pro se* petitioner's "properly filed" PCRA petition was pending. *See* 28 U.S.C. § 2244(d)(2). *Pro se* petitioner timely filed his PCRA petition in state court on June 28, 2007—182 days after his conviction became final—and the Pennsylvania Supreme Court denied allowance of appeal on August 11, 2011. R. & R. 6. Starting on August 11, 2011, *pro se*

3

petitioner had 183 days remaining to file his habeas petition, until February 10, 2012.[4] *Id.* at 6–7.

Judge Hey also concluded that *pro se* petitioner is not entitled to equitable tolling because he failed to show that he pursued his rights diligently and that an extraordinary circumstance prevented his timely filing during the limitations period. *Id.* at 7 (citing *Holland v. Florida*, 560 U.S. at 645–46; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). Based on Judge Hey's analysis, *pro se* petitioner was thus required to file his habeas petition no later than February 10, 2012. *Pro se* petitioner did not file his habeas petition until December 3, 2018. Judge Hey thus recommended dismissal of the petition as untimely.

2. Pro Se *Petitioner's Objections*

*Pro se* petitioner objects to Judge Hey's determination that his petition was untimely. Specifically, he contends that December 28, 2006, the date his conviction became final, was not the appropriate start date of the one-year limitations period. AEDPA provides alternative start dates for the habeas limitations period, *see* 28 U.S.C. § 2244(d)(1)(B)–(D), and *pro se* petitioner invokes two of these dates in support of his position that his habeas petition was timely filed: (1) "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," 28 U.S.C. § 2244(d)(1)(C); and (2) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2241(d)(1)(D).

First, *pro se* petitioner argues that the Supreme Court decisions in *Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S. Ct. 1461 (2018), and *Sesssions v. Dimaya*, 138 S. Ct. 1204

---

[4] The Court notes that in the Report and Recommendation, the limitations period was incorrectly stated as expiring on February 13, 2012. This minor arithmetical error does not affect the Court's analysis.

4

(2018) established new, retroactively applicable constitutional rights for the purposes of § 2244(d)(1)(C), and that the start date of the limitations period should be reset accordingly. Judge Hey rejected these arguments on the ground that neither of these cases applies to the facts of *pro se* petitioner's case. The Court agrees with Judge Hey.

The Supreme Court in *Murphy* held that the Professional and Amateur Sports Protection Act ("PASPA"), a federal statute that prohibited state governments from authorizing sports gambling, violated the so-called "anticommandeering doctrine." 138 S. Ct. at 1477. The anticomandeering doctrine generally "withhold[s] from Congress the power to issue orders directly to the States." *Id.* at 1475. Citing *Murphy*, *pro se* petitioner argues, *inter alia*, that § 2244(d)(1) "coerced and compelled a harsher jurisdictional time bar" under state Post Conviction Relief Act ("PCRA") procedures and is "an impermissible *quid pro quo* commandeering statute and provision." Pet'r Objs. 5. Judge Hey concluded that *Murphy* simply represents an application of the anticommandeering doctrine and fails to establish a new and retroactively applicable constitutional right. For the most part, *pro se* petitioner's objections merely disagree with Judge Hey's conclusions regarding *Murphy* and elaborates on the arguments presented in his petition.

The Court rejects *pro se* petitioner's position regarding the applicability of *Murphy*. Specifically, contrary to *pro se* petitioner's argument, the AEDPA one-year limitations period applies only to federal petitions for habeas corpus relief, not state post-conviction petitions. AEDPA does not impose any restrictions on state PCRA procedures and therefore does not

5

constitute an impermissible overreach of congressional authority.[5] The Court also rejects *pro se* petitioner's argument that the Pennsylvania post-conviction procedural rules—including the statute of limitations—are the result of an alleged *quid pro quo* agreement with the federal government, in exchange for federal funds. *See* Pet'r Objs. 8. *Pro se* petitioner presents absolutely no evidence of any such *quid pro quo*. *Pro se* petitioner next cites the Supreme Court decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) for the proposition that *Murphy* should be applied retroactively on collateral review. Because *pro se* petitioner's reliance on *Murphy* is misplaced, the Court also rejects his retroactivity argument based on *Montgomery v. Louisiana*.

In *Dimaya*, the Supreme Court concluded that the definition of "aggravated felony" in the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F), was unconstitutionally vague in violation of the Due Process Clause. 38 S. Ct. at 1216. *Pro se* petitioner contends that Pennsylvania state law defining the different degrees of murder is unconstitutionally vague on the ground that it is even "broader" than the statutory provision in *Dimaya*. Pet'r Objs. 20. The Court rejects this comparison and concludes that *Dimaya* is unrelated to *pro se* petitioner's conviction and fails to confer a newly recognized and retroactive constitutional right.

Second, *pro se* petitioner contends that an allegedly flawed jury instruction regarding reasonable doubt constitutes a new fact for the purposes of § 2244(d)(1)(D). *See* Pet'r Objs. 21. In support of his argument, *pro se* petitioner claims that a court in this District has recently concluded that the same jury instruction violated a defendant's Fourteenth Amendment right to

---

[5] The Court notes that one court in this District has already addressed this argument regarding the effect of *Murphy* on federal habeas proceedings. In *White v. Smith*, *pro se* petitioner argued "that the strict one-year statute of limitations under AEDPA § 2244(d)(1) is unconstitutional following the United States Supreme Court decision" in *Murphy*. No. 19-3744, 2019 U.S. Dist. LEXIS 207156, at *7–8 (E.D. Pa. Nov. 27, 2019). The *White* court rejected the argument, noting that *Murphy* "has no effect on the federal habeas corpus statute of limitations" and that AEDPA does not impose a "'jurisdictional time bar on state PCRA proceedings' as petitioner argues." *Id.*

due process. *See Brooks v. Gilmore*, No. CV 15-5659, 2017 WL 3475475, at *3 (E.D. Pa. Aug. 11, 2017). This Court concludes that the *Brooks* ruling does not constitute a new "factual predicate" under § 2244(d)(1)(D) that restarts the limitations period. *See Wilder v. United States*, No. CIV.A. 10-0997, 2011 WL 3444178, at *6–7 (W.D. Pa. Aug. 8, 2011) (citing *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005)); *see also Schlueter v. Varner*, 383 F.3d 69, 74 (3d Cir. 2004) (internal citation and quotation marks omitted) ("Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only if vital facts could not have been known."). The Court concludes that *pro se* petitioner in this case faced no impediment to challenging the jury instruction in state court at trial and on appeal and by filing a timely habeas petition.

The Court thus overrules *pro se* petitioner's objections to Judge Hey's determination of the start date of the limitations period. This Court agrees with Judge Hey that the limitations period began on December 28, 2006. Noting that *pro se* petitioner does not object to Judge Hey's determinations regarding statutory and equitable tolling, the Court concludes that the limitations period expired on February 10, 2012. *Pro se* petitioner's habeas petition, filed on December 3, 2018, was therefore time-barred.

### B. Motion for Leave to Amend the Habeas Petition

*Pro se* petitioner's objections to the Report and Recommendation are set forth in a 34-page document entitled "Petitioner's Objections to Magistrate's Report and Recommendation and Motion for Leave to Amend Habeas Corpus [sic] to Assert New Rules." The motion for leave to amend, included in that document, seeks leave to amend *pro se* petitioner's time-barred habeas petition to "assert new intervening rules of law" and a claim of actual innocence. Pet'r

7

Objs. 1. The Court denies the motion for leave to amend on the ground that amendment would be futile.

Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Pursuant to Federal Rule of Civil Procedure 15(a)(2), *pro se* petitioner in this case may only amend his petition with the opposing party's consent or the court's leave. Although courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), courts may nevertheless deny a motion to amend when (1) the moving party has shown undue delay, bad faith or dilatory motives; (2) the movant has repeatedly failed to cure deficiencies by previous amendments; (3) the amendment would cause undue prejudice to the opposing party; or (4) the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir. 1999). Specifically, an amendment to a habeas petition may be considered futile when, *inter alia*, the amendment is meritless. *See Rushing v. Pennsylvania*, 637 F. App'x 55, 58 (3d Cir. 2016); *Oke v. Wenerowicz*, No. 15-CV-61, 2016 WL 427088, at *18 (E.D. Pa. Feb. 4, 2016); *Belle v. Varner*, No. 99-5667, 2001 WL 1021135, at *9 n.11 (E.D. Pa. Sept. 5, 2001).

Amendment would be futile in this case because *pro se* petitioner's new arguments are completely without merit. First, *pro se* petitioner contends that two Supreme Court cases establish new legal precedents for the purposes of § 2244(d)(1): *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018) and *Madison v. Alabama*, 139 S. Ct. 718 (2019). In *McCoy*, the Supreme Court recognized that the Sixth Amendment guarantees a defendant's right to choose the objectives of his defense and held that defense counsel was ineffective for conceding guilt over defendant's objection. 138 S. Ct. at 1508–09. The Supreme Court in *Madison* reaffirmed that the Eighth Amendment prohibits the execution of a defendant whose mental illness prevents him from

rationally understanding the reasons the state seeks to impose the death penalty. 139 S. Ct. at 722. In this case, *pro se* petitioner has not claimed that his defense counsel conceded guilt over his objection or that mental illness has prevented him from understanding the reasons for his sentence. The Court therefore concludes that both *McCoy* and *Madison* are inapplicable to this case. Moreover, neither case *pro se* petitioner cites has been found to apply retroactively on collateral review. Amendment to address these new precedents would therefore fail to render the underlying petition timely under AEDPA, and would therefore be futile.

Second, *pro se* petitioner seeks to assert a claim of actual innocence after failing to assert such a claim in his original habeas petition. In *McQuiggin v. Perkins*, the Supreme Court held that a convincing showing of actual innocence serves as a "gateway through which a petitioner may pass" to overcome the one-year statute of limitations set forth in § 2244(d)(1). 569 U.S. 383, 386, 394–95 (2013). The *McQuiggin* court stated that, for the untimeliness of a habeas petition to be excused under the fundamental miscarriage of justice exception, a petitioner must "'persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'" and "present[ ] 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 386, 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

*Pro se* petitioner includes only two sentences with respect to actual innocence in his motion for leave to amend—two sentences out of 11 pages devoted to the motion. Those sentences read as follows: (1) *pro se* petitioner "moves the Court for leave to amend the underlying federal habeas corpus petition to assert . . . a freestanding claim of actual innocence to defeat 28 U.S.C. § 2244(d)(1)"; and (2) *pro se* petitioner "maintain[s] that he is actually

9

innocent." Pet'r Objs. 1, 24. At no point in his motion for leave to amend does *pro se* petitioner present any new evidence or elaborate more on his claim of actual innocence.

In order to assert a successful actual innocence claim, *pro se* petitioner must meet an "extraordinarily high standard." *Schlup,* 513 U.S. at 316 (internal citations and quotation marks omitted). In light of this standard, district courts consistently deny bare-bones, conclusory motions to amend in which the petitioner seeks to add a claim of actual innocence. *See, e.g.*, *Gurdine v. Lane*, No. CV 16-5458, 2017 WL 2572525, at *2–3 (E.D. Pa. June 13, 2017), *R. & R. adopted*, No. CV 16-5458, 2018 WL 3618319 (E.D. Pa. July 27, 2018) (denying as futile a motion to amend a habeas petition to include a claim of actual innocence because the claim "lack[ed] arguable merit"); *Ortiz v. Heath*, No. 10-CV-1492 KAM, 2011 WL 1331509, at *9, 13–14 (E.D.N.Y. Apr. 6, 2011) (denying a motion for leave to add an actual innocence claim where the motion contained only "bare assertions" and "fail[ed] to introduce any required 'new evidence'"). *Pro se* petitioner's bald assertions of actual innocence in this case are even more minimalist than those of the petitioners in the cited cases. Moreover, the Court notes that, unlike the cited cases in which the habeas petitions were timely, *pro se* petitioner's habeas petition in this case was untimely. The Court thus concludes that amendment of *pro se* petitioner's habeas petition to include a claim of actual innocence would be futile.

*Pro se* petitioner seeks to amend his habeas petition so as to assert two "new intervening rules of law" and a claim of actual innocence. Pet'r Objs. 1. For all of the foregoing reasons, the Court concludes that both such amendments would be futile. Accordingly, the motion for leave to amend the habeas petition is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court approves and adopts the Report and Recommendation of Magistrate Judge Hey dated July 29, 2019, overrules *pro se* petitioner's objections to the Report and Recommendation, and denies *pro se* petitioner's motion for leave to file an amended habeas petition. *Pro se* petitioner's petition under 28 U.S.C. § 2254 is therefore dismissed. A certificate of appealability will not issue because reasonable jurists would not debate the propriety of this Court's procedural rulings with respect to the *pro se* petition and the motion for leave to amend. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.